**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TRAVIS WOOLFOLK,                                                                    PLAINTIFF
ADC #143923

v.                                        5:16CV00325-SWW-JTK

ADAMS                                                                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Travis Woolfolk is an inmate confined at the W.C. "Dub" Brassell Adult Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action alleging improper conditions of confinement and theft of property. (Doc. No. 2) By Order dated October 26, 2016 (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff the opportunity to amend his complaint within thirty days. (Id., p. 3) As of this date, Plaintiff has not filed an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim.  <u>See</u> <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In his Complaint, Plaintiff alleges that Defendant improperly took $400 from him, filed a false disciplinary charge against him, and improperly issued a warrant for Plaintiff's arrest.  He also claims that unnamed Jail staff mistreated him, failed to protect him, and subjected him to inadequate conditions of confinement.  In the October 26, 2016 Order, the Court noted that his allegations lacked factual support and were too vague to support a constitutional claim against Defendant, and provided Plaintiff the opportunity to amend his Complaint, specifying facts which should be included.  (Doc. No. 4, p. 3)  However, Plaintiff has not submitted any additional allegations against Defendant or any other Jail personnel.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff

must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff does not state whether he was incarcerated as a pretrial detainee, or as a convicted prisoner; therefore, the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause.  See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment."  Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time."  Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of exposure to unsanitary conditions and the degree to which the conditions are unsanitary.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'"  Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

Based on this case law, the Court finds that Plaintiff's allegations against Defendant Adams should be dismissed, for failure to state an Eighth Amendment claim for relief.  Plaintiff does not claim that he was deprived of any hygiene items, and he does not claim that he was denied basic human needs such as food, warmth, or exercise.  See Whitnack v. Douglas County, 16 F.3d at 957.  His

allegation that Defendant took money from him does not support a constitutional claim for relief, because when a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 530-537 (1984). In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998). See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail. In this case, Plaintiff does not allege in his Complaint that he has utilized the post-deprivation remedy and therefore, the Court finds his claim should be dismissed.

Similarly, Plaintiff's vague allegation that Defendant falsely charged him with a disciplinary fails to support a claim for relief, because the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994). And, his allegation that Defendant improperly issued a warrant for his arrest is too vague to support a claim for relief.

Therefore, absent any additional allegations to support his claims, the Court finds that Plaintiff's Complaint should be dismissed.

## IV. Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.    Plaintiff's Complaint against Defendant be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.    This dismissal constitute a "strike" within the meaning of the PLRA.[1]

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was

3.     The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 30th day of November, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.